Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
Jessica R. Kenney, Esq. (026615)
**MCCARTHY ◆ HOLTHUS ◆ LEVINE**
3636 North Central Avenue, Suite 1050
Phoenix, Arizona  85012
Telephone:   (602) 230-8726
plevine@mhlevine.com
*Attorneys for Defendants Aurora*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| YVONNE DERRY,<br><br>            Plaintiff.<br><br>v.<br><br>AURORA LOAN SERVICES, LLC, a foreign limited liability company; CRAIG WILDRICK and JANE DOE WILDRICK; A LEHMAN BROTHERS COMPANY; NORMAJEAN COHN and JOHN DOE COHN; LEHMAN BROTHERS BANK; JACQUELINE A. FROMMER and JOHN DOE FROMMER; MORTGAGE PRO USA, LLC; JASON R. BRACKLEY and JANE DOE BRACKLEY; BARCLAYS; JOHN VARLEY and JANE DOE VARLEY; ROBERT E. DIAMOND AND JANE DOE DIAMOND; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X;<br><br>            Defendants. | Case No.: 2:10-cv-00367-JAT<br><br>**DEFENDANT'S MOTION TO DISMISS** |

Defendants Aurora Loan Services, LLC ("Aurora") and Craig Wildrick, by and through their counsel undersigned, pursuant to Rule 12b(6), Federal Rules of Civil Procedure, move to dismiss Plaintiff's Compliant for the reason that it fails to state a claim upon which relief can be

1

granted. Plaintiff's Complaint purportedly alleges claims for fraud and collusion. However, Plaintiff has failed to allege her claim of fraud with particularity, as required by Rule 9(b), Federal Rules of Civil Procedure. Further, there is no recognized claim for "collusion". This Motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PLAINTIFF'S COMPLAINT.**

Plaintiff affirmatively states that she is filing a Complaint for fraud and collusion. With respect to the claim for fraud, Plaintiff has failed to allege the elements with particularity. Rule 9(b) states, in pertinent part, that in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." The Rule demands that circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Kearns v. Ford Motor Co.,* 567 F.3d 1120 (9th Cir. 2009).  Averments of fraud must be accompanied by the who, what, when, where and how of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about its statement, and why it is false. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003).

Under Arizona law, fraud requires proof by clear and convincing evidence of the nine elements of fraud: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right

to rely thereon, and (9) the hearer's consequent and proximate injury. *Taeger v. Catholic Family and Community Services,* 196 Ariz. 285, 995 P.2d 721 (1999). Plaintiff's Complaint fails to allege fraud with particularity and it fails to even allege a prima facie case, since the nine elements of fraud have not been alleged.

In the alternative, to the extent that Plaintiff is relying on alleged Truth in Lending violations, Count I also fails to state a claim upon which relief can be granted. For example, Plaintiff has alleged that Aurora (and others) failed to give her the required 3-day cool off period as required by regulations Z. (Complaint, ¶ 1.) However, Aurora was not a party to the original loan. Further, 12 C.F.R. § 226.23(f) states that the right to rescind does not apply to a Residential Mortgage Transaction. Also, there is no private right of action for the alleged failure to provide a Good Faith Estimate. *Colvins v. FMHA-USDA,* 105 F.3d 1366 (11th Cir. 1997).

For the foregoing reasons, Count I of the Plaintiff's Compliant should be dismissed with prejudice for the reason it fails to state a claim upon which relief can be granted.

## II.  COUNT II OF THE PLAINTIFF'S COMPLAINT IS NOT RIPE FOR CONSIDERATION.

Pursuant to Count II of her Complaint, Plaintiff alleges that she "may be a victim of predatory lending." (Complaint, p. 3, ¶ 1.) Plaintiff has failed to allege a short and plain statement of the claim showing that she is entitled to relief. Rule 8(a)(2), Fed. Rules of Civil Procedure. Furthermore, this claim is not ripe for consideration, since there is no allegation that Plaintiff has been damaged by any alleged conduct. Whether a dispute is ripe depends on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final. *Exxon Corp. v Heinze*, 32 F.3d 1399 (9th Cir. 1994.) In many cases, ripeness coincides with standing. To have standing, a

plaintiff must have suffered an injury in fact that is concrete and particularized and that can be fairly traced to the defendant's action. *Bova v. City of Medford*, 564 F.3d 1093 (9th Cir. 2009).

In this case, Plaintiff does not have standing, nor is there any issue that is ripe for consideration. Plaintiff has merely alleged that she believes she may be a victim of predatory lending. Accordingly, Count II of the Plaintiff's Complaint should be dismissed with prejudice.

### III.  COUNT III IS NONSENSICAL AND FAILS TO STATE A CLAIM.

Plaintiff alleges that Defendants' "solicitation implies that you will lend money or extend credit for purchases." (Complaint, p. 4 , ¶ 1.) Plaintiff's claim makes allegations concerning credit rather than an exchange, (Complaint, p. 4, ¶ 3), and that funding is done with the charge slip, not with assets (Complaint, p. 4, ¶ 4). In short, the claim is nonsensical and fails to state a claim upon which relief can be granted.

### IV.  COUNT IV FAILS TO STATE A CLAIM.

In Count IV, Plaintiff alleges as follows: "An elaborate scheme has been perfected between the defendants to receive credits from the homeowner which has paid for the homestead, and then to charge through fraudulent agreements three to four times the original value of the property while through the aide of even governmental officials to place fraudulent liens, and claims upon the property and then steal by force the property from the homeowner. (Complaint, p. 6, ¶ 1.) The claim is also nonsensical and should be dismissed.

For all the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice. Since Plaintiff's Complaint arises out of the original Promissory Note and Deed of Trust, Defendants are also entitled to an award of their attorneys' fees pursuant to A.R.S. § 12-341.01.

RESPECTFULLY SUBMITTED this 22nd day of March, 2010.

**McCARTHY ♦ HOLTHUS ♦ LEVINE**

By: /s/ Paul M. Levine
    Paul M. Levine
    Matthew A. Silverman
    Jessica R. Kenney
    3636 North Central Ave., Suite 1050
    Phoenix, Arizona  85012
    Attorneys for Defendants

ORIGINAL of the foregoing electronically filed
with the Clerk of the Court this 22nd day of March, 2010.

COPY of the foregoing mailed this 22nd day of
March, 2010 to:

Yvonne Derry
15414 E. Hillside Drive
Fountain Hills, Arizona 85268
Plaintiffs

/s/ Jane Brunson